1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      JOHN J. MARTINEZ,                                    No.  2:12-cv-2789-KJN

12                     Plaintiff,

13            v.                                             ORDER

14      COMMISSIONER OF SOCIAL
        SECURITY,
15
                       Defendant.
16

17

18            Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19      ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under

20      Title II of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff

21      principally contends that the Commissioner erred by finding that plaintiff was not disabled since

22      October 25, 2002, plaintiff's alleged disability onset date.  (ECF No. 15.)  The Commissioner

23      filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No.

24      20.)  Thereafter, plaintiff filed a reply brief.  (ECF No. 21.)

25      ////

26

27      [1] This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both
        parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.
28      (ECF Nos. 7, 9.)

                                                        1

1    For the reasons that follow, the court grants in part and denies in part plaintiff's motion for

2    summary judgment; grants in part and denies in part the Commissioner's cross-motion for

3    summary judgment; dismisses for lack of subject matter jurisdiction plaintiff's request for judicial

4    review of the Commissioner's decision not to reopen plaintiff's prior claim for benefits for the

5    period of October 25, 2002, through August 17, 2006; and remands the remainder of the action

6    for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

7    I.    BACKGROUND

8         Plaintiff was born on December 28, 1955, has a limited tenth grade education, is able to

9    communicate in English, and previously worked primarily as a carpenter.[2]  (Administrative

10   Transcript ("AT") 23, 45-46, 71, 75.)  On October 25, 2002, plaintiff suffered an industrial back

11   injury while lifting overhead a box weighing between 80-100 lbs, and he has not performed

12   substantial gainful activity since that date.  (AT 18, 63, 241, 340.)

13        Plaintiff first applied for DIB in February 2004, alleging disability primarily based on

14   degenerative disc disease, osteoarthritis, and hypertension, with an alleged disability onset date of

15   October 25, 2002.  On August 17, 2006, after the agency denied plaintiff's application initially

16   and upon reconsideration, an administrative law judge ("ALJ"), Laura Speck Havens, likewise

17   found that plaintiff was not disabled from October 25, 2002, through the date of her decision.

18   (AT 61-66.)  Plaintiff did not appeal that decision, which became administratively final.  (AT 15.)

19        Thereafter, on June 29, 2010, plaintiff filed a new application for DIB, again alleging that

20   he was unable to work as of October 25, 2002, due to back problems, knee problems, and a tumor

21   in his kidney.  (AT 15, 71, 241.)  After plaintiff's claim was denied both initially and upon

22   reconsideration, plaintiff requested a hearing before an ALJ, which took place before ALJ

23   Christopher Inama on March 8, 2012, and at which plaintiff (represented by a non-attorney

24   representative) and a vocational expert ("VE") testified.  (AT 15, 33-58.)

25   ////

26   _____

27   [2] Because the parties are familiar with the factual background of this case, including plaintiff's
     medical history, the court does not exhaustively relate those facts in this order.  The facts related
     to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues

28   presented by the parties' respective motions.

2

1    In a decision dated March 21, 2012, ALJ Inama declined to reopen ALJ Havens's prior

2    decision, and determined that plaintiff had not been under a disability, as defined in the Act, from

3    August 18, 2006, the day after the date of ALJ Havens's decision, through December 31, 2008,

4    the date that plaintiff was last insured for purposes of DIB benefits.  (AT 15-25.)  ALJ Inama's

5    decision became the final decision of the Commissioner when the Appeals Council denied

6    plaintiff's request for review on September 11, 2012.  (AT 1-6.)  Thereafter, plaintiff filed this

7    action in federal district court on November 13, 2012, to obtain judicial review of the

8    Commissioner's final decision.  (ECF No. 1.)

9    II.    ISSUES PRESENTED

10    Plaintiff has raised the following issues: (1) whether the ALJ erred in declining to reopen

11    the prior unfavorable August 17, 2006 decision; (2) whether the Appeal Council erred in not

12    remanding the action to the ALJ based on the evidence plaintiff submitted for the first time to the

13    Appeals Council; (3) whether the ALJ improperly evaluated the medical opinion evidence; and

14    (4) whether the ALJ improperly evaluated plaintiff's credibility.[3]

15    III.    LEGAL STANDARD

16    The court reviews the Commissioner's decision to determine whether (1) it is based on

17    proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

18    as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

19    evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

20    F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

21    mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

22    Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

23    responsible for determining credibility, resolving conflicts in medical testimony, and resolving

24    ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The

25    court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational

26    interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

27

_____

[3] Plaintiff's brief raised these issues in a somewhat different order.

28

3

1    IV.    DISCUSSION

2           A.    Summary of the ALJ's Findings

3           The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard

4    five-step analytical framework.[4]  As an initial matter, the ALJ declined to reopen the prior

5    unfavorable August 17, 2006 decision, and found that plaintiff remained insured for purposes of

6    DIB through December 31, 2008.  (AT 15-16, 18.)  At the first step, the ALJ concluded that

7    plaintiff had not engaged in substantial gainful activity from August 18, 2006, the day after the

8    date of the prior unfavorable decision, through December 31, 2008, plaintiff's last insured date.

9    (AT 18.)  At step two, the ALJ determined that plaintiff had the following severe impairments

10

11   [4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social
     Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled
12   persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as
     an "inability to engage in any substantial gainful activity" due to "a medically determinable
13   physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel
     five-step sequential evaluation governs eligibility for benefits under both programs.  See 20
14   C.F.R. §§ 404.1520,  404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-
15   42 (1987).  The following summarizes the sequential evaluation:

16       Step one: Is the claimant engaging in substantial gainful activity?  If so, the
         claimant is found not disabled.  If not, proceed to step two.
17
         Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step
18       three.  If not, then a finding of not disabled is appropriate.
19
         Step three: Does the claimant's impairment or combination of impairments meet or
20       equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the
         claimant is automatically determined disabled.  If not, proceed to step four.
21
         Step four:  Is the claimant capable of performing his past relevant work?  If so, the
22       claimant is not disabled.  If not, proceed to step five.
23
         Step five:  Does the claimant have the residual functional capacity to perform any
24       other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

25   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

26
         The claimant bears the burden of proof in the first four steps of the sequential evaluation
27   process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
     evaluation process proceeds to step five.  Id.
28

1  through the date last insured: degenerative disc disease and renal cancer.[5]  (Id.)  However, at step

2  three, the ALJ determined that plaintiff did not have an impairment or combination of

3  impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P,

4  Appendix 1, through plaintiff's date last insured.  (AT 19.)

5        Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity

6  ("RFC") for the relevant time period as follows:

7                  After careful consideration of the entire record, the undersigned
                finds that, through the date last insured, the claimant had the
8                residual functional capacity to perform a wide range of light work
                as defined in 20 CFR 404.1567(b).  He can lift and/or carry 20
9                pounds occasionally and 10 pounds frequently, stand and/or walk 6
                hours in an 8-hour workday, sit 6 hours in an 8-hour workday,
10               occasionally balance, stoop, kneel, crouch, crawl, climb ramps and
                stairs, and never climb ladders, ropes, or scaffolds.
11

12  (AT 19.)

13        At step four, the ALJ found that plaintiff was unable to perform any past relevant work

14  through his date last insured.  (AT 23.)  Finally, at step five, the ALJ determined, in reliance on

15  the VE's testimony, that, through the date last insured, considering plaintiff's age, education,

16  work experience, and RFC, there were jobs that existed in significant numbers in the national

17  economy that plaintiff could have performed, including the representative occupations of cashier,

18  storage rental clerk, and assembler of small products.  (AT 23-24.)

19        Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined

20  in the Act, from August 18, 2006, the day after the date of the prior ALJ's unfavorable decision,

21  through December 31, 2008, plaintiff's last insured date.  (AT 24.)

22  ////

23  ───────────────

24  [5] Plaintiff's renal cancer of the left kidney was definitively diagnosed via a CT scan in August of
    2010 and via a biopsy in January of 2011, although a CT scan had already revealed the presence
    of a mass back in November of 2008.  (AT 412-13, 470, 472-74.)  Plaintiff's kidney was
25  subsequently removed.  (AT 510.)  According to plaintiff, he was awarded Supplemental Security
    Income ("SSI") benefits in October 2011 based on his renal cancer, and the record indicates that
26  the Commissioner deemed him disabled for purposes of the SSI application as of January 25,
    2011.  (AT 80, 340.)  Regardless, as the ALJ noted, there is no indication in the record that
27  plaintiff suffered functional limitations attributable to his renal cancer prior to December 31,
    2008, the period relevant to the DIB application under review here.  (AT 18.)
28

1          B.        Plaintiff's Substantive Challenges to the Commissioner's Determinations

2                    1.        Whether the ALJ erred in declining to reopen the prior unfavorable August

3    17, 2006 decision

4          Plaintiff contends that ALJ Inama's refusal to reopen the prior unfavorable August 17,

5    2006 decision by ALJ Havens constituted reversible error.  That argument lacks merit.

6          Ordinarily, "[o]nce a decision becomes administratively final, the Secretary's decision to

7    reopen a claim is purely discretionary."  Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir. 1985).

8    "Therefore, a refusal by the Secretary to reopen a previous decision is not a 'final' decision

9    subject to judicial review" and a federal court typically lacks subject matter jurisdiction to review

10   such a decision.  Id.  Nevertheless, the Ninth Circuit has recognized that judicial review is

11   available in "a case in which a claimant raises a colorable constitutional challenge to the

12   Secretary's decision."  Panages v. Bowen, 871 F.2d 91, 93 (9th Cir. 1989).  Such a constitutional

13   challenge "must relate to the manner or means by which the Secretary decided not to reopen the

14   prior decision, rather than to the merits of the prior decision or the means by which that decision

15   was reached."  Id.

16         In this case, there is no indication that plaintiff's due process or other constitutional rights

17   were violated.  As an initial matter, plaintiff does not claim that the Commissioner failed to notify

18   plaintiff of his right to appeal the August 17, 2006 decision.  Indeed, the record shows that

19   plaintiff was advised in writing of his appellate rights, but, for unknown reasons, plaintiff elected

20   not to pursue them.  (AT 59-60.)

21         Furthermore, the record reveals no due process or other constitutional violation with

22   respect to ALJ Inama's decision not to reopen the prior claim.  Plaintiff makes much of the fact

23   that ALJ Inama was not certain whether specified medical evidence in the record before ALJ

24   Inama were previously considered by ALJ Havens, and contends that ALJ Inama should have

25   obtained and reviewed the complete prior file concerning the previous claim.  However, that

26   argument ignores the reality that ALJ Inama himself had before him both ALJ Havens's prior

27   decision and the potentially new evidence.  Thus, ALJ Inama considered the potentially new

28   evidence, and plaintiff was given a meaningful opportunity to explain how the potentially new

1   evidence was material and inconsistent with ALJ Havens's prior non-disability finding.

2   Nevertheless, after reviewing and discussing these additional records in his decision, ALJ Inama

3   ultimately concluded that any potentially new evidence was not material, i.e., would not

4   reasonably have changed ALJ Havens's prior decision.  (AT 16.)  Although plaintiff no doubt

5   disagrees with ALJ Inama's non-materiality finding, plaintiff does not raise a colorable

6   constitutional claim with respect to the manner or means by which ALJ Inama reached his

7   decision.[6]

8           Plaintiff posits that "[r]es judicata of administrative decisions does not acquire the rigid

9   finality of judicial proceedings" and that "[f]airness in the administrative process is more

10  important than finality of administrative judgments."  Thompson v. Schweiker, 665 F.2d 936, 941

11  (9th Cir. 1982).  However, in this case, the record does not show that ALJ Inama rigidly applied

12  the principles of res judicata.  For example, he did not summarily refuse to reopen the prior

13  application solely based on the expiration of time, nor did he arbitrarily refuse to consider any

14  new evidence, thereby potentially giving rise to some type of due process violation that this court

15  could review.  Instead, he expressly noted that res judicata was not to be applied rigidly in

16  administrative proceedings, and then went on to consider whether there was in fact new and

17  material evidence that might warrant reopening the prior claim.  (AT 16.)  Again, while plaintiff

18

19  [6] Even if the court were to review the merits of ALJ Inama's non-materiality finding, plaintiff's
    arguments are unconvincing.  For example, although plaintiff emphasizes a February 27, 2003
20  EMG study that was "suggestive of lumbar radiculopathy" and showed no evidence of peripheral
    neuropathy  (AT 404-05), that study does not *per se* indicate that plaintiff's lumbar radiculopathy
21  was disabling at the time.  It is thus far from obvious that the EMG study constitutes new material
    evidence and/or is necessarily inconsistent with ALJ Havens's prior decision, which
22  acknowledged that plaintiff had a severe back condition and accordingly imposed several related
    restrictions.  (AT 63.)  Similarly, the October 13, 2006 worker's compensation agreed medical
23  evaluation report by Dr. Beth Bathgate, submitted for the first time to the Appeals Council, does
24  not compel the conclusion that the prior claim must be reopened.  (AT 528-39.)  Dr. Bathgate
    stated that plaintiff had "not yet reached maximum medical improvement" and "has been
25  temporarily totally disabled from 10/25/02 until the current time."  (AT 537.)  However, findings
    of disability for purposes of other programs or agencies are not binding in social security cases,
26  because such programs may have rules that differ from social security law (as is indeed the case
    with worker's compensation benefits).  See 20 C.F.R. § 404.1504.  Therefore, Dr. Bathgate's
27  report is not a sufficient basis to mandate reopening of the prior claim, especially at this late
28  juncture.

                                                    7

1    may disagree with ALJ Inama's decision not to reopen the prior claim, the court cannot say that

2    the record is "patently inadequate" to support the findings of ALJ Havens and ALJ Inama, such

3    that application of res judicata would be "tantamount to a denial of due process" and result in

4    manifest injustice.  Thompson, 665 F.2d at 940-41.

5            Because the court finds that plaintiff fails to raise a colorable constitutional challenge to

6    the Commissioner's decision not to reopen the prior claim, the court concludes that it lacks

7    subject matter jurisdiction to review that decision.  Thus, the relevant period under review for

8    purposes of the remainder of the action is August 18, 2006, the day after the date of ALJ

9    Havens's decision, to December 31, 2008, plaintiff's date last insured.

10                   2.        Whether the Appeal Council erred in not remanding the action to the ALJ

11   based on the evidence plaintiff submitted for the first time to the Appeals Council

12           Plaintiff submitted certain records to the Appeals Council that had not been presented to

13   the ALJ, including a May 3, 2012 functional capacity assessment from his treating primary care

14   provider, Dr. Manuel Canga; a May 21, 2012 functional capacity assessment from his treating

15   pain management physician, Dr. Kyle Heron; and January 2007 treatment notes from Dr. Heron's

16   office.  (AT 542-54.)  Plaintiff argues that the Appeals Council erred in not remanding the action

17   to the ALJ for consideration of this evidence.

18           "[W]hen the Appeals Council considers new evidence in deciding whether to review a

19   decision of the ALJ, that evidence becomes part of the administrative record, which the district

20   court must consider when reviewing the Commissioner's final decision for substantial evidence."

21   Brewes v. Comm'r of Soc. Sec., 682 F.3d 1157, 1163 (9th Cir. 2012).  In this case, the Appeals

22   Council stated that it had considered the additional evidence submitted by plaintiff, but that it did

23   not provide a basis for changing the ALJ's decision.  (AT 1-2, 5.)  After reviewing the additional

24   evidence, the court cannot confidently conclude that the ALJ's decision is supported by

25   substantial evidence when the entire record, including the additional evidence, is considered.

26           In rejecting the opinions of plaintiff's treating physicians, Dr. Canga and Dr. Heron, the

27   ALJ essentially reasoned that these physicians opined in conclusory fashion that plaintiff was

28   disabled for purposes of the Act, an ultimate determination reserved to the Commissioner.  (AT

8

1    21-22.)  Indeed, the statements of Dr. Canga and Dr. Herron submitted to the ALJ were

2    conclusory, minimally supported, and did not even set forth any meaningful assessment of

3    functional limitations.  (AT 513, 518.)  As such, the court does not fault the ALJ's decision to

4    give these opinions little weight.  See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999)

5    (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes v.

6    Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  However, by contrast, the functional capacity

7    assessments submitted to the Appeals Council do contain concrete functional limitations assessed

8    by Drs. Canga and Heron.  (AT 545-48, 550-53.)  Although it appears that those assessments may

9    contain somewhat limited clinical findings and reasoning, Drs. Canga and Heron have been

10   treating plaintiff for many years, and the court cannot independently determine whether or not

11   those opinions are consistent with plaintiff's fairly extensive treatment records by these and other

12   physicians, which evidence treatment with oral medication, multiple epidural injections, and

13   ultimately spinal fusion surgery (which was recommended during the relevant period in

14   December 2008).  (AT 410.)  Instead, the more prudent course of action is to remand the action to

15   the ALJ as the administrative fact finder for consideration of these assessments along with all the

16   other record evidence relevant to the period between August 18, 2006, and December 31, 2008.

17         To be clear, the court is not instructing the ALJ to credit the opinions of Drs. Canga and

18   Heron on remand.  The ALJ may well ultimately find that the retrospective and severe 2012

19   assessments by Drs. Canga and Heron remain conclusory, are not adequately supported by the

20   weight of the treatment records and other record evidence, and/or do not sufficiently address the

21   August 18, 2006, to December 31, 2008 period, provided that such findings are in accordance

22   with applicable legal standards and supported by substantial evidence in the record as a whole.

23         On remand, the ALJ shall consider all record evidence, including the Appeals Council

24   evidence, relevant to the period of August 18, 2006, to December 31, 2008.  The ALJ may also

25   further develop the record as appropriate.  For example, in light of the inherent difficulty in

26   assessing plaintiff's RFC during a specific period now many years in the past, the ALJ should

27   consider having an appropriate expert review all of the medical evidence, including the opinions

28   of plaintiff's treating physicians, and opine as to plaintiff's functional capacity between August

1    18, 2006, and December 31, 2008.  The ALJ may also conduct a supplemental hearing with

2    testimony by such an expert, if deemed necessary.

3                    3.      Other Issues

4           In light of the court's conclusion that the case should be remanded for the further

5    proceedings outlined above, the court declines to reach plaintiff's remaining issues concerning the

6    medical opinion evidence and credibility, which may be reevaluated on remand.[7]  Importantly,

7    the court expresses no opinion regarding how the evidence should ultimately be weighed upon

8    remand within the confines of the applicable law.

9    V.    CONCLUSION

10          For the foregoing reasons, IT IS HEREBY ORDERED that:

11          1.  Plaintiff's motion for summary judgment (ECF No. 15) is granted in part and denied in

12   part.

13          2.  The Commissioner's cross-motion for summary judgment (ECF No. 20) is granted in

14   part and denied in part.

15          3.  Plaintiff's request for judicial review of the Commissioner's decision not to reopen

16   plaintiff's prior claim related to the period of October 25, 2002, through August 17, 2006, is

17   dismissed for lack of subject matter jurisdiction.

18          4.  The remainder of the action is remanded for further proceedings consistent with this

19   order pursuant to sentence four of 42 U.S.C. § 405(g).

20   ////

21   ////

22   ////

23

24   [7] Plaintiff has argued that remand is also appropriate due to the fact that the ALJ discounted
     plaintiff's credibility in part because he purportedly "did not seek treatment from October 12,
25   2006 to April 2008" (AT 23), whereas the additional evidence before the Appeals Council
     indicates that plaintiff sought treatment from Dr. Heron on January 25, 2007.  (AT 542-43.)  The
26   court finds it unnecessary to determine at this juncture whether these limited treatment records
     presented to the Appeals Council necessarily undermine the ALJ's prior credibility findings.  On
27   remand, the ALJ will have an opportunity to revise his analysis concerning plaintiff's credibility,
28   if appropriate.

1    5.  Judgment is entered for plaintiff.

2        IT IS SO ORDERED.

3  Dated:  May 9, 2014

4  _____
   KENDALL J. NEWMAN
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28